# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Kenneth V. Esposito and Sara L. Esposito,
Plaintiffs Below, Petitioners

**FILED**
**January 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 19-1023 (Hancock County 18-C-89)

Amadeo D. Mastrantoni and Stephanie J. Mastrantoni,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioners Kenneth V. Esposito and Sara L. Esposito, by counsel Daniel L. Spanovich, appeal the November 20, 2018, order of the Circuit Court of Hancock County that granted Respondents Amadeo D. Mastrantoni's and Stephanie J. Mastrantoni's motion to dismiss petitioners' 2018 complaint for damages. The circuit court found that petitioners' 2018 complaint for damages was an improper splitting of claims that arose from the same set of circumstances set forth in petitioners' 2017 complaint against respondents for injunctive relief. Respondents, by counsel Daniel Guida, Melanie Norris, and Thomas G. Steele filed a response in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the court below erred when it dismissed petitioners' complaint for damages as duplicative of their complaint for injunctive relief. Accordingly, we reverse and remand this case as it satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and we find that a memorandum decision is appropriate to resolve the issues presented.

The parties in this case are neighbors whose properties adjoin. Petitioners allege that, for years, respondents have, by action and inaction, diverted storm water onto petitioners' property causing significant damage. Specifically, petitioners assert that the water on their property resulted from respondents' filling of a natural ravine on respondents' property and the construction of their house and garage absent any storm management studies, installation of storm water management controls, or regard for how the changes and additions to their property would affect petitioners' property. Petitioners claim that as a result of the frequent influx of rainwater on their property, they had to construct a surface swale and drainage system in both their front and back yards, repair their retaining walls, add a major grade break at the rear of their property, and install piers to stabilize their home, among other things. Petitioners further claim they live in fear that their home will be further damaged or destroyed.

1

On May 31, 2017, petitioners, as self-represented litigants, filed a complaint against respondents petitioning for a *temporary and a permanent injunction* (Civil Action No. 17-P-24W or "*first action*").[1] Petitioners sought two forms of relief:

A. [Regarding water diversion:] Grant an immediate temporary and permanent injunction, restraining and enjoining [respondents] from diverting waters from the property of the [respondents] onto the property of [petitioners], by ordering [respondents] to immediately stop the water trespass by means of a swale prescribed by either Jack A. Hamilton and Associates or Gearhart Engineering, Co.

B. [Regarding a retaining wall:] Grant an immediate "Quia Timet" injunction to restrain [respondents] from engaging in the unsafe construction of the retaining wall on the west of [respondents'] house . . . . [Petitioners] fear for the structural integrity of their house, for if the foundation slips, the harm will be irreparable. It is in both Parties best interest for [respondents] to hire a professional that is licensed, bonded, and insured that does this type of work.

On June 19, 2017, the circuit court bifurcated the causes of action in petitioners' first action and found that

[p]etitioners seek with regard to [A. water diversion] a temporary and permanent injunction restraining [respondents] from diverting waters from [respondents' property] onto [petitioners' property.] That issue is one that will require a great deal of discovery and perhaps expert testimony.

[T]he other request by [petitioners] . . . is to grant an injunction from engaging in the unsafe construction of [B] a retaining wall on the west of [petitioners'] house.

On August 8, 2018, the court entered a scheduling order in petitioner's first action stating it would hold an "evidentiary hearing solely relating to [B] the retaining wall . . . in this matter on August 29, 2018[.]" The order also stated that the court would not be taking "any testimony or argument relating to [A] storm water runoff or management issues set forth in [petitioners'] Petition for Temporary and Permanent Injunction."

At the August 29, 2018, evidentiary hearing, the court again said, "the pronounced purpose of this hearing is for the [c]ourt to make a determination as to whether [respondents] can [B] build a wall on their property."

---

[1] Respondents complain that on June 26, 2017, petitioners (again acting as self-represented litigants) filed a different action (No. 17-C-80) against respondents and others. Petitioners counter that this different suit regards a complaint against a family member of respondents, who has also allowed water to flow onto petitioners' property; thus, respondents are not part of the second lawsuit. Petitioners allege that respondents raise this action in their response brief as means of causing confusion. We have not considered this different action because it is not before the Court.

By order entered on October 3, 2018, the court denied petitioners' request for an injunction as it related to [B] the building of a retaining wall on respondents' property, and expressly permitted respondents to build a retaining wall. Respondents claim that, thereafter, they properly constructed the retaining wall. Petitioners highlight that the circuit court never ruled on the relief regarding water discharges that they requested in [A]. Respondents, however, highlight that petitioners did not seek a stay or reconsideration of the October 3, 2018, order or file an appeal or a petition for a writ of prohibition.

One day later, on October 4, 2018, and before petitioners claim they learned of the October 3, 2018, order, they filed another complaint without the assistance of counsel (No. 18-C-89 or "*second action*"). Petitioners' second action against respondents seeks *monetary damages* for the damages caused by respondents' alleged diversion of water onto petitioners' property. Petitioners amended the complaint on October 17, 2018. This second action, as amended, sets forth claims for private nuisance, intentional infliction of emotional distress, gross negligence, and trespass. Petitioners incorporated paragraphs 1-50 from their first complaint for injunctive relief into their second complaint for damages.

On October 26, 2018, respondents filed a motion to dismiss petitioners' second action on the grounds that (1) it raised claims and issues that had already been litigated, and (2) the first complaint was still being litigated with regard to [A] water diversion and infiltration. Respondents argued that petitioners impermissibly split the causes of action, *i.e.*, petitioners' request for monetary damages should have been included with their request for injunctive relief in petitioners' first complaint.

By order entered on November 20, 2018, the circuit court agreed with respondents and dismissed petitioners' second action for monetary damages. The court found that petitioners' claims in their second complaint were based on the same facts and circumstances set forth in their first complaint and that any such claims for damages should have been raised in their first complaint.

Petitioners now appeal the circuit court's November 20, 2018, order dismissing their second complaint. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

Petitioners argue that the circuit court erred in granting respondents' motion to dismiss petitioners' second action based on res judicata because petitioners' first action has not resulted in a final judgment on the merits. The respondents, however, contend that principles of res judicata prohibit a litigant from "claim splitting," that is, it "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 561, 803 S.E.2d 519, 531 (2017). While Rule 18(a) of the Rules of Civil Procedure provides that a plaintiff "may join" multiple claims in one complaint, respondents suggest that the rule required petitioners to assert all their claims in their first complaint. Respondents assert that the only course the circuit court could take in this case was to dismiss petitioners' second complaint.

3

Petitioners further argue that there is merit to their second complaint and that the circuit court erred in not recognizing that petitioners are self-represented litigants. Petitioners contend that a complaint "filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Respondents counter that petitioners do not have a license to ignore the law and that a self-represented litigant "must bear the responsibility and accept the consequences of any mistakes and errors." *Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984).

In *Blair*, this Court recognized the right of every citizen to represent themselves in a courtroom. Specifically, we stated that, "Under West Virginia Constitution art. III, § 17, the right of self-representation in civil proceedings is a fundamental right which cannot be arbitrarily or unreasonably denied." Syl. Pt. 1, *Blair*. We noted that the right to represent one's self "cannot be employed in a manner which unreasonably interferes with the duty of the trial court to supervise and control judicial proceedings to ensure fairness to all parties." *Id.* at 252, 324 S.E.2d at 395. We found, however, that trial judges should exercise their authority to accomplish the goals set in Rule 1 of the West Virginia Rules of Civil Procedure: "to secure the just, speedy, and inexpensive determination of every action." We therefore determined that

> trial courts possess a discretionary range of control over parties and proceedings which will allow reasonable accommodations to *pro se* litigants without resultant prejudice to adverse parties. *Pro se* parties, like other litigants, should be provided the opportunity to have their cases "fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party." *Conservation Commission v. Price*, 193 Conn. 414, 479 A.2d 187, 192 n. 4 (1984).

> We are not proposing that trial judges should become surrogate attorneys for *pro se* litigants. The fundamental tenet that the rules of procedure should work to do substantial justice, however, commands that judges painstakingly strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules. . . .

> Of course, the court must not overlook the rules to the prejudice of any party. The court should strive, however, to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not.

*Blair*, 174 W. Va. at 252-53, 324 S.E.2d at 396.

In the case-at-bar, we find that the circuit court erred because it failed to recognize precisely what we said in *Blair*: that trial courts possess a discretionary range of control over the parties and the proceedings which will allow reasonable accommodations to self-represented litigants without imposing prejudice upon adverse parties. Cases should be decided on their merits, not on inadvertent omissions or mistakes under procedural or evidentiary rules.

The doctrine of res judicata requires there be "a final adjudication on the merits in the prior action[.]" Syl. Pt. 4, in part, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997). There is nothing in the record to indicate that petitioners' claims regarding water discharges from respondents' property, whether raised in the first action or the second action, have been litigated to a final conclusion on the merits that would require imposition of res judicata principles. More importantly, there is nothing in the record to suggest that petitioners are attempting to split their claims among multiple actions, in multiple courts, to artfully plead their way around res judicata principles. *See, e.g.*, *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 561, 803 S.E.2d 519, 531 (2017) (noting that an underlying rationale for res judicata is to prevent "*ad infinitum* claim splitting and piecemeal litigation."). Hence, to the extent the circuit court based its decision on the doctrine of res judicata, the order must be reversed.

The record shows the petitioners are self-represented litigants unfamiliar with the pleading requirements of the Rules of Civil Procedure. Rule 18(a) provides (with emphasis added) that "[a] party asserting a claim to relief . . . *may* join . . . as many claims . . . as the party has against an opposing party." The language of Rule 18(a) is permissive, not proscriptive as the respondents suggest, and it permits rather than requires the joinder of claims in one action. As this Court has held, "under Rule 18, W.Va.R.C.P., such joinder is permissive and not obligatory." *Patterson v. Patterson*, 167 W. Va. 1, 9, 277 S.E.2d 709, 715 (1981) (*overruled on other grounds by LaRue v. LaRue*, 172 W. Va. 158, 304 S.E.2d 312 (1983)). *See also* 6A Mary Kay Kane, Federal Practice and Procedure (Wright & Miller), § 1582 (3d Ed. 2020) ("Rule 18(a) is permissive; joinder of claims is not compulsory.").

When a litigant does not join all of their claims in one action, as permitted by Rule 18(a), and chooses to file multiple suits concerning the same operative facts in the same court, Rule 42(a) of the Rules of Civil Procedure establishes the procedure for a trial court to follow.[2] Rule 42(a) provides:

> Consolidation of actions in same court. — When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. An action is pending before the court within the meaning of this subdivision if it is pending before the court on an appeal from a magistrate.

In the instant case, petitioners filed two complaints in the same court: the first complaint sought injunctive relief regarding water allegedly being discharged onto petitioners' land from respondents' land and the second complaint sought monetary damages and involved questions of law and fact common to those in the first action. On this record, Rule 42(a) dictates that the circuit court's dismissal of petitioners' second complaint was in error. The proper course for the circuit

---

[2] Rule 42(a) regards actions in the same court. When multiple actions arising out of the same transaction or occurrence are filed in different courts, Rule 42(b) empowers the circuit court where the first such action was filed to order all other actions to be transferred to it for resolution. *See* W.Va.R.Civ.P. Rule 42(b).

5

court would have been to consolidate petitioners' two complaints into one action and make such other orders "as may tend to avoid unnecessary costs or delay."

For the foregoing reasons, we reverse the circuit court's November 20, 2018, order and remand the case with instructions to reinstate petitioners' second action for monetary relief and, pursuant to Rule 42 of the West Virginia Rules of Civil Procedure, to consolidate that second action for monetary relief with petitioners' first action for injunctive relief.

Reversed and remanded.

**ISSUED:** January 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice William R. Wooton